VAN SWEARINGEN – 259809
MICHAEL NUNEZ – 280535
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: vswearingen@rbgg.com
mnunez@rbgg.com

Attorneys for Plaintiff SIERRA CLUB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SIERRA CLUB, <br><br> Plaintiff, <br><br> v. <br><br> U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Defendant. | Case No. 4:19-cv-06971-SBA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Saundra B. Armstrong <br><br> Trial Date: None Set |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1.     Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2.     Facts**

This case arises from a FOIA request that Sierra Club submitted to the U.S. Securities and Exchange Commission ("SEC") on April 18, 2019.  The request seeks communications between SEC and external parties regarding climate-focused shareholder proposals and records related to SEC's processes for rejecting or approving a company's decision to exclude shareholder proposals related to climate change.  Complaint Ex. A (Oct. 24, 2019), ECF No. 1-1.

The complaint alleges that SEC failed to timely or fully respond to Sierra Club's FOIA request and that SEC failed to timely respond to Sierra Club's appeal of SEC's decision to delay responding to Sierra Club's FOIA request for three years.  Compl. ¶¶ 1, 6, 50, 66 (Oct. 24, 2019), ECF No. 1.  The complaint also alleges that SEC has failed to conduct an adequate search for documents in response to Sierra Club's FOIA request in violation of FOIA.  *Id.* ¶¶ 62-63.  Finally, the complaint alleges that SEC engages in a pattern or practice of using its complex FOIA request track to shield itself from responding to FOIA requests.  *Id.* ¶¶ 9, 51, 69.

As of the date of this statement, SEC has not fully responded to, or produced any documents in response to, Sierra Club's April 18, 2019 FOIA request.

The parties have met and conferred since the initial Case Management Conference held on February 5, 2020.  SEC has agreed to a production by March 4, 2020 of responsive documents from December 1, 2016 to July 8, 2019 from the following sources:  **a)** SEC communications with members of Congress and/or their staff; **b)** incoming

communications from outside the SEC in the possession of William Hinman, David Fredrickson, Hughes Bates, or Kasey Robinson; **c)** emails sent from SEC that included at least one address outside SEC; and **d)** emails sent to SEC from outside of SEC that were not sent from domains that the parties agree are likely to be generic subscription or newsletter blast emails.  The parties will continue to meet and confer in good faith in efforts to resolve the claims and issues in this action.

**3.     Legal issues**

The following legal issues are in dispute: whether SEC's proposed three-year delay in responding to Sierra Club's FOIA request violates FOIA, whether SEC violated FOIA by failing to respond to Sierra Club's initial FOIA request and Sierra Club's appeal within the timelines required by FOIA, whether SEC conducted an adequate search for documents in response to Sierra Club's FOIA request, and whether SEC has a pattern or practice of using its complex FOIA request response track to shield itself from complying with FOIA.

The Court may be called upon to resolve the following legal issues:  (1) whether Defendant has responded timely and adequately to Plaintiff's FOIA requests, (2) whether SEC engages in a pattern or practice of using its complex FOIA request response track to avoid complying with FOIA requests, (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see* 5 U.S.C. § 552(a)(4)(E)(i), and (4) whether exceptional circumstances exist such that the SEC is entitled to a stay of proceedings under 5 U.S.C. § 552(a)(6)(C)?

**4.     Motions**

There are no prior or pending motions.  Sierra Club anticipates moving for partial summary judgment and an order for a production schedule.  SEC anticipates moving for a stay of proceedings under 5 U.S.C. § 552(a)(6)(C).

**5.     Amendments to the Pleadings**

Plaintiff does not expect at this time to seek to amend the Complaint.

**6.     Evidence Preservation**

On January 8, 2020, the parties met and conferred regarding evidence preservation.

Defendant acknowledged its duty to preserve relevant materials in accordance with applicable rules.

**7.   Disclosures**

The parties agree to delay determination of whether initial disclosures will occur in this case until after Plaintiff files its motion for partial summary judgment.

**8.   Discovery**

To date, no discovery has been taken by any party.

**(a)   Topics for Discovery**

*Plaintiff's Position*

Plaintiff does not seek to conduct discovery in phases.  Plaintiff may seek discovery on one or more of the following topics after filing a motion for partial summary judgment.

1. All documents, communications, and reports concerning any search conducted and any efforts to search by Defendant in response to Plaintiff's April 18, 2019 FOIA request and Plaintiff's subsequent narrowing of its FOIA request.

2. All documents and information concerning Defendant's first-in first-out FOIA request response practices and procedures.

3. All policies, practices, procedures, and other information concerning Defendant's operation of simple and complex response tracks in its FOIA request response process.

4. All documents, communications, and reports concerning any efforts that Defendant has undertaken to address its FOIA request backlog.

5. All documents, communications, and information concerning Defendant's failure to respond to other FOIA requests within FOIA's mandatory timelines.

6. All documents and information in support of Defendant's first affirmative defense:  "Defendant has not improperly withheld any documents under the FOIA."

7.  All documents and information in support of Defendant's second affirmative defense: "Defendant properly placed Plaintiff's FOIA request in its 'Complex Track' because of the volume of responsive documents."

*Defendant's Position*

Defendant believes that no discovery will be needed in this case as "[c]laims under the [FOIA] are typically resolved without discovery on the basis of the agency's affidavits." *CareToLive v. FDA*, 631 F.3d 336, 345-46 (6th Cir. 2011). When discovery is permitted, it is generally "limited to the scope of the agency's search and its indexing and classification procedures." *Heily v. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam).

**(b)   Close of Discovery**

The parties agree that, if discovery occurs in this case, it should close three months after the Court resolves Plaintiff's motion for partial summary judgment.

**(c)   Electronic Discovery**

The parties agree that, if discovery occurs in this case, Defendants will produce electronically stored documents in native file formats or as searchable PDFs when producing documents in native file formats is not possible. In the event Plaintiff seeks discovery, the parties will meet and confer promptly to develop a stipulated proposed order re: discovery of electronically stored information, modeled on the Northern District of California model stipulation, *available at* https://www.cand.uscourts.gov/filelibrary/1119/Model%20Stip%20E-discovery%20OrderStandard.docx.

**(d)   Changes to Discovery Limitations**

The parties seek no changes to the discovery limitations provided by the Federal Rules of Civil Procedure and Local Rules.

**(e)   Other Orders Under Federal Rules of Civil Procedure 26(c) or 16(b) and (c)**

The parties seek no other orders under Federal Rules of Civil Procedure 26(c),

16(b), and 16(c) at this time.

**9.   Class Actions**

This case is not a class action.

**10.   Related Cases**

There are no related cases pending before another judge of this Court, or before another court or administrative body.

**11.   Relief Sought**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) declare that SEC has violated FOIA, by its failure to timely respond to Sierra Club's request, and its failure to make the requested records available; (2) declare the SEC violated FOIA by failing to make a timely final determination upon Sierra Club's appeal and by failing to produce records responsive to Sierra Club's FOIA Request by the statutory deadlines; (3) declare that SEC's pattern and practice is to fail to adhere to FOIA's requirements; (4) order that SEC conduct an adequate search for any and all records responsive to Sierra Club's request and demonstrate that it diligently searched for and identified responsive documents; (5) order that SEC immediately produce the requested records to Sierra Club; (6) award Sierra Club its litigation costs and reasonable attorneys' fees in this action; and (7) grant such other and further relief as the Court deems just and proper.

**12.   Settlement and ADR**

The parties have initiated the meet and confer process regarding ADR.  The parties filed ADR certifications indicating that they agreed to conduct a settlement conference before a magistrate judge.  The parties have not yet agreed upon timing for the settlement conference.  The parties would like to address the timing of the settlement conference at the Case Management Conference.

**13.   Consent to Magistrate Judge**

Defendant SEC declined to consent to proceed before a magistrate judge in this case.

**14.  Other References**

The parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties have not yet narrowed the legal issues in this case.  However, the parties anticipate that they can narrow the issues in this case through continuing to meet and confer as well as through a settlement conference before a magistrate judge.  The parties will update the Court if they narrow the legal issues in the case.

**16.  Expedited Schedule**

The parties do not request an expedited schedule.

**17.  Scheduling**

The parties are working in good faith to resolve the claims and issues in this action.  To the extent any issues remain after the meet and confer and/or settlement process is exhausted, Plaintiff anticipates that this matter can ultimately be resolved on summary judgment.  Scheduling discovery cut off dates, hearing of any other dispositive motions, and other litigation events is premature at this time.

**18.  Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment.

**19.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiff provides that no such interested party is known other than that of the named parties to this action.

**20.  Professional Conduct**

Plaintiff's counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Such Other Matters As May Facilitate Just, Speedy, and Inexpensive Resolution**

The parties know of no other matters that may facilitate the just, speedy, and

inexpensive disposition of this matter.

Respectfully submitted,

DATED: March 2, 2020      ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Van Swearingen
    Van Swearingen

Attorneys for Plaintiff SIERRA CLUB

DATED: March 2, 2020

By: /s/ Kevin D. Solonsky
    Kevin D. Solonsky

Attorney for Defendant U.S. SECURITIES AND EXCHANGE COMMISSION

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I, Michael Nunez, attest that concurrence in the filing of this document has been obtained.

DATED: March 2, 2020      /s/ Van Swearingen
                          Van Swearingen